UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
ABILENE DIVISION

JUAN DAVID CARRILLO ROJAS,

Petitioner,

v. No. 1:26-CV-269-H

MARCELLO VILLEGAS, et al.,

Respondents.

**ORDER**

Juan David Carrillo Rojas entered the United States illegally four years ago. In April 2026, ICE detained Carrillo Rojas and issued him a Notice to Appear, charging Carrillo Rojas with removability as an immigrant without valid entry documents. Dkt. Nos. 1 at 2; 10 at 2; *see* 8 U.S.C. § 1182(a)(7)(A)(i)(I). He is held in mandatory detention pursuant to 8 U.S.C. § 1225(b)(2)(A). *See* Dkt. No. 1 at 4. Before the Court is Carrillo Rojas's habeas petition, which demands his immediate release or a bond hearing based on the text of the INA, the Fifth Amendment, and the Suspension Clause. Dkt. No. 1.

The Court has carefully considered the factual allegations and legal contentions raised in the petition. The Court has also considered hundreds of habeas petitions that sought relief on the same grounds raised in Carrillo Rojas's petition, and it has determined that:

- Where the Court exercises its authority to review a petition, the Suspension Clause is not implicated. *Chi v. Warden, Bluebonnet Det. Facility*, No. 1:26-CV-067, 2026 WL 1062625, at *3 (N.D. Tex. Apr. 13, 2026).

- Binding Fifth Circuit precedent holds that "alien[s] present in the United States who [have] not been admitted or who arrive[] in the United States" are subject to mandatory detention under Section 1225(b)(2)(A). *Diaz Patino v. Villegas*, 822 F. Supp. 3d 718, 723 (N.D. Tex. 2026) (discussing *Buenrostro-Mendez v. Bondi*, 166 F.4th 494 (5th Cir. 2026)); *see also Garibay-Robledo v.*

*Noem*, 814 F. Supp. 3d 747 (N.D. Tex. 2026) (adopting this position prior to *Buenrostro-Mendez*).

- A binding precedential stay issued by the Fifth Circuit forecloses the grant of habeas relief as a matter of substantive and procedural due process. *Sosnava Rodriguez v. Ortega*, Nos. 26-50183, 26-50219, & 26-50221, 2026 WL 2104747 (5th Cir. July 21, 2026).[1] Even were the stay not in effect, the Due Process Clause does not require relief in these circumstances. *Diaz Patino*, 822 F. Supp. 3d at 723–26; *Garibay-Robledo*, 814 F. Supp. 3d at 759–60. And the three-factor *Mathews* test is inapplicable to aliens detained under Section 1225(b)(2)(A). *Diaz Patino*, 822 F. Supp. 3d at 723–26.

- An alien's prior release on recognizance under 8 U.S.C. § 1226 does not permit him to evade mandatory detention under Section 1225. *Goyo Martinez v. Villegas*, No. 1:25-CV-256, 2026 WL 114418, at *3–4 (N.D. Tex. Jan. 15, 2026).

- The class-action orders issued in *Maldonado Bautista v. Santacruz*, No. 5:25-CV-1873 (C.D. Cal.), are not binding on this Court. *Calderon Lopez v. Lyons*, 813 F. Supp. 3d 692, 695 (N.D. Tex. 2025).

Carrillo Rojas's arguments in the petition are the same as the arguments raised in the cases above. The Court previously found these arguments unavailing. The Court has considered them anew in this petition and concludes that habeas relief is unwarranted. Because Carrillo Rojas is not entitled to relief, the Court denies the petition. Dkt. No. 1.

So ordered on August 19, 2026.

JAMES WESLEY HENDRIX
UNITED STATES DISTRICT JUDGE

[1] The Fifth Circuit had previously vacated the original panel opinion in *Sosnava Rodriguez*, which held that the Due Process Clause required a bond hearing within 90 days of detention. *See* Nos. 26-50183, 26-50219, & 26-50221, 2026 WL 2014647 (5th Cir. July 10, 2026). The motion for stay specifically sought relief as a precedential matter to foreclose relief beyond the consolidated cases pending in *Sosnava Rodriguez*. Nos. 26-50183, 26-50219, & 26-50221, Dkt. No. 178-1.